IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARLOS VÁZQUEZ-RIVERA, et al.,<br><br>      Plaintiffs<br><br>         v.<br><br>RUBÉN A. HERNÁNDEZ-GREGORAT, et al.,<br><br>      Defendants | CIVIL NO. 09-1502 (JP) |

**OPINION AND ORDER**

     Before the Court is a motion to dismiss filed by Defendants Rubén Hernández-Gregorat ("Hernández"), Richard Negrón ("Negrón"), and Ferdinand Cedeño ("Cedeño") (collectively "Appearing Defendants") (**No. 12**).  Also before the Court is Plaintiffs Carlos Vázquez-Rivera ("Vázquez" or "Plaintiff"), Conjugal Partnership Vázquez-Rodríguez, and María del Carmen Rodríguez-Lozada's opposition thereto (No. 15). Plaintiff Vázquez filed the instant case pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging violations of the First, Fifth and Fourteenth Amendments to the United States Constitution, as well as supplemental Puerto Rico law claims.  Defendants Hernández, Negrón, and Cedeño move to dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons stated herein, the Appearing Defendants' motion to dismiss is hereby **GRANTED IN PART AND DENIED IN PART**.

CIVIL NO. 09-1502 (JP)            -2-

## I.  **FACTUAL ALLEGATIONS**

Plaintiff Vázquez, an employee of the Department of Transportation and Public Works of Puerto Rico ("Transportation Department"), alleges that Defendants have subjected him to discrimination due to his political affiliation with the Popular Democratic Party ("PDP").  Plaintiff's position at the Transportation Department is Supervisor of Brigade Chiefs, which entails supervisory responsibility for twelve brigade chiefs.  Defendants Hernández, Negrón, and Cedeño are the Secretary of Transportation, Director of Highways, and Executive Assistant to the Transportation Department, respectively.

Plaintiff alleges that Defendants, members of the New Progressive Party ("NPP"), have curtailed his work duties and reduced his salary.  Specifically, Plaintiff alleges that he has been prevented from earning overtime and an additional "salary differential" which he previously earned due to extra responsibilities and hours that he took on in order to help the Transportation Department satisfy its obligations. Plaintiff alleges that the need for extra work of this sort remains high, but that Defendants have intentionally removed assignments from Vázquez due to his political affiliation and given the additional responsibilities instead to members of the NPP.  Plaintiff Vázquez has communicated with Defendants in an effort to regain his prior functions and salary, but Defendants have allegedly failed to restore

CIVIL NO. 09-1502 (JP)          -3-

Plaintiff's role.  Plaintiff alleges that he has been subjected to these changes as a result of political discrimination in violation of his rights under the First, Fifth, and Fourteenth Amendments.

## II. **LEGAL STANDARD FOR A MOTION TO DISMISS**

The Supreme Court has established that, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 (2007).  As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable.  Id. at 570.  The First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Rodríquez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007), quoting Twombly, 127 S. Ct. at 1969.  Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff."  Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992).

## III. **ANALYSIS**

Appearing Defendants argue that Plaintiff Vázquez's complaint fails to state a claim because: (1) the Appearing Defendants are

CIVIL NO. 09-1502 (JP)          -4-

entitled to Eleventh Amendment immunity against claims directed toward them in their official capacities; (2) the complaint fails to adequately allege personal involvement by the Appearing Defendants, as required by Section 1983; (3) the Fifth Amendment is not applicable because it applies only to the federal government; (4) Plaintiff's conspiracy claim is not pled with sufficient detail to state a claim under 42 U.S.C. § 1985 ("Section 1985"); and (5) Plaintiff's claim for violation of Fourteenth Amendment Equal Protection must be dismissed because it is not sufficiently distinct from Plaintiff's First Amendment claim.  The Court will now consider the Appearing Defendants' arguments in turn.

### A.   **Eleventh Amendment Immunity**

The Appearing Defendants argue that the allegations against them should be dismissed on the basis of Eleventh Amendment immunity.  The Eleventh Amendment bars a suit brought in federal court for monetary damages against states, unless the state being sued waives its immunity or consents to be sued. U.S. CONST. amend. XI.  Puerto Rico is considered a state for Eleventh Amendment purposes. Metcalf & Eddy v. Puerto Rico Aqueduct & Sewer Auth., 991 F.2d 935, 939 (1st Cir. 1993).  Absent waiver, neither a state nor agencies acting under its control may be subject to suit in federal court. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 142 (1993).  The enactment of Section 1983 did not serve to abrogate the states' Eleventh Amendment immunity. See, e.g., Quern v. Jordan,

CIVIL NO. 09-1502 (JP)          -5-

440 U.S. 332, 342 (1979). Suits against officers in their official capacity for damages are tantamount to actions directly against the state. Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989).

Plaintiff does not refute that the doctrine of Eleventh Amendment immunity applies to damages claims against the Appearing Defendants. However, Plaintiff argues that the Court should deny the Appearing Defendants' request for dismissal on the basis of Eleventh Amendment immunity because this immunity doctrine does not cover claims for injunctive relief applicable only to a defendant's future actions. This assertion is accurate and has been established by the United States Court of Appeal for the First Circuit. Redondo-Borges v. U.S. Dept. of Housing and Urban Dev., 421 F.3d 1, 7 (1st Cir. 2005) (". . . Eleventh Amendment immunity does not bar prospective injunctive relief against official-capacity defendants.") (internal citations omitted).

In light of the controlling case law regarding Eleventh Amendment immunity, the Court will dismiss Plaintiff's claims for damages against Defendants in their official capacities. This dismissal will apply to all Defendants, including the nonmoving Defendants. However, Plaintiff's claims for prospective injunctive relief will survive Defendants' Eleventh Amendment immunity challenge. Accordingly, Defendants' motion to dismiss on the basis of Eleventh Amendment Immunity is **GRANTED IN PART AND DENIED IN PART.**

CIVIL NO. 09-1502 (JP)            -6-

### B.   Personal Involvement of Individual Defendants

The Appearing Defendants argue that Plaintiff's Section 1983 claims fail to adequately allege personal involvement by said Defendants in the allegedly unconstitutional conduct. Section 1983 provides a procedural mechanism for enforcing federal constitutional or statutory rights. See Albright v. Oliver, 510 U.S. 266, 271 (1994). In order to prevail on a Section 1983 claim, a plaintiff must demonstrate that the defendant (1) acted under color of state law and (2) deprived him of the identified federal right. See Cepero Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005) (quoting Romero Barceló v. Hernández Agosto, 75 F.3d 23, 32 (1st Cir. 1996)). Puerto Rico is considered a state for Section 1983 purposes. Rivera-Lugaro v. Rullán, 500 F. Supp. 2d 28, 39 (D.P.R. 2007).

Under Section 1983, liability in damages can only be imposed upon officials who were involved personally in the deprivation of constitutional rights. Pinto v. Nettleship, 737 F.2d 130, 132 (1st Cir. 1984) (citing Kostka v. Hogg, 560 F.2d 37, 40 (1st Cir. 1977)). A plaintiff must demonstrate personal involvement by showing an affirmative link between the deprivation of a plaintiff's rights and the defendant's conduct. See Aponte-Matos v. Toledo-Dávila, 135 F.3d 182, 192 (1st Cir. 1998). In the context of a supervisor whose subordinate carried out the actions affecting a plaintiff's rights, "[t]hat affirmative link must amount to 'supervisory encouragement, condonation or acquiescence, or gross

CIVIL NO. 09-1502 (JP)          -7-

negligence amounting to deliberate indifference.'" Aponte-Matos, 135 F.3d at 192 (quoting Lipsett v. Univ. of P.R., 864 F.2d 881, 902 (1st Cir. 1998)).

In the instant case, the complaint lacks sufficiently specific allegations as to how Defendants Hernández and Cedeño acted under color of state law to deprive Plaintiff Vázquez of his constitutional rights. At paragraphs fourteen, eighteen, and nineteen, the complaint states that said Defendants are members of the NPP, that Plaintiff met with Cedeño to stress the need to work together despite being from different political parties, and that Cedeño indicated to Plaintiff that he would discuss the matter with Hernández and see what he could do. Subsequent paragraphs describe how Plaintiff's job responsibilities and salary differential were reduced, but never tie these events to acts or omissions of Hernández or Cedeño. At paragraph fifty of the complaint, Plaintiff makes a conclusory allegation that Defendants, including Hernández and Cedeño, have violated Plaintiff's constitutional rights.

Such vague, unsupported allegations do not pass muster under the motion to dismiss standard. Twombly, 550 U.S. at 570. Accordingly, the Court **GRANTS** Defendants Hernández and Cedeño's motion to dismiss the claims against them for failure to satisfy the Section 1983 standard for personal involvement. In light of the dismissal of the federal claims against Defendants Hernández and Cedeño, the Court declines to hear the state law claims against said Defendants. The

CIVIL NO. 09-1502 (JP)          -8-

state law claims against Hernández and Cedeño will be dismissed without prejudice.

By contrast, Plaintiff's allegations regarding Defendant Negrón are detailed and specific. Plaintiff alleges that Negrón removed hours from Plaintiff Vázquez's work schedule, gave instructions to Vázquez's subordinates without notifying Vázquez, attempted to reassign Plaintiff's vehicle to another employee, excluded Vázquez from staff meetings, and attacked Vázquez's reputation by falsely informing other employees that Vázquez is missing and unavailable to the Transportation Department. Because these more specific allegations do rise the level of a plausible claim for political discrimination, the Court **DENIES** Defendants' motion to dismiss the claims against Negrón for failure to satisfy the standard of personal involvement pursuant to Section 1983. See Bergeron v. Cabral, 560 F.3d 1, 8 (1st Cir. 2009).

### C. **Equal Protection**

The Appearing Defendants move to dismiss the Fourteenth Amendment Equal Protection claims against them, arguing that the claims are based on the same allegations as Plaintiff's First Amendment political discrimination claims, and that in such situations a Plaintiff may only bring the First Amendment Claim. The First Circuit has established that:

> To the extent that a plaintiff challenging a discretionary decision to deny a benefit claims to be entitled to redress based on allegations of unconstitutional political

CIVIL NO. 09-1502 (JP)           -9-

> discrimination or retaliation, he cannot rely on the Equal
> Protection Clause but, rather, must bring his claim under
> the specific provisions of the First Amendment.

Pagán v. Calderón, 448 F.3d 16, 36 (1st Cir. 2006) (holding that plaintiff could not bring Equal Protection claim "bottomed on the same allegations" as plaintiff's First Amendment claim.) (internal citations omitted).

The instant case fits within the above-stated principle established by the First Circuit. Plaintiff Vázquez cannot bring a separate Equal Protection claim based on the same allegations as his First Amendment political discrimination claim. Here, both asserted claims are based upon allegations that Vázquez's job responsibilities, hours, and compensation were reduced as a result of discrimination on the basis of his political affiliation with the PDP. Thus, Plaintiff must rely on his First Amendment claim to the exclusion of his Equal Protection claim. Accordingly, the Court **GRANTS** the Appearing Defendants' motion to dismiss Plaintiff's Equal Protection claims. Because this legal principle is similarly applicable to the Equal Protection claims against the nonmoving Defendants, the court will dismiss Plaintiff's Equal Protection claims against all Defendants.

### D.   Section 1985 Conspiracy Claim

The appearing Defendants argue that Plaintiff has failed to adequately allege a claim for conspiracy pursuant to Section 1985.

CIVIL NO. 09-1502 (JP)          -10-

Plaintiff argues in response that he has not alleged a cause of action pursuant to Section 1985.

Although paragraph fifty of the complaint alleges that Defendants entered into a conspiracy to deny Plaintiff's constitutional rights, the allegations do not specifically mention Section 1985, or any other specific legal basis for a conspiracy claim.  In Plaintiff's opposition to the motion to dismiss, after stating that he is not alleging a Section 1985 violation, Plaintiff further states "plaintiff has only to establish that defendants were personally and directly involved in the violation of the plaintiff's federally protected rights."  Plaintiff does not offer a separate statute or legal basis for a conspiracy claim.

Based on Plaintiff's allegations in the complaint and arguments in his opposition to the motion to dismiss, the Court understands Plaintiff's position to be that he alleges no separate conspiracy cause of action. Accordingly, the Court **FINDS AS MOOT** the Appearing Defendants' motion to dismiss Plaintiff's Section 1985 conspiracy claim.

### E.   Fifth Amendment Claims

The Appearing Defendants argue that Plaintiff's Fifth Amendment claims should be dismissed because the Fifth Amendment only applies to actions attributable to the federal government, and Plaintiff's allegations do not relate to federal government actions.  Plaintiff responds by arguing that it is an open issue whether the Commonwealth

CIVIL NO. 09-1502 (JP)          -11-

of Puerto Rico is considered a state or federal actor for Fifth Amendment purposes, and therefore that both the Fifth and Fourteenth Amendments are referenced in the complaint as a prophylactic measure.

In support of his position, Plaintiff points to a case in which the United States Supreme Court declined to decide which of the Fifth or Fourteenth Amendments apply to Puerto Rico, reasoning that the important issue was not which tool is used to make constitutional protections apply, but rather to ensure that such protections do in fact apply. <u>Calero-Toledo v. Pearson Yacht Leasing Co.</u>, 416 U.S. 663, 668 n.5 (1974). More recently, the First Circuit has taken the analytical approach of construing the actions of the Puerto Rico government as actions of a state, which are therefore subject to constitutional limitations via the Fourteenth Amendment. <u>Gerena v. Puerto Rico Legal Services, Inc.</u> 697 F.2d 447, 452 (1st Cir. 1983) ("[t]he fourteenth amendment applies only to acts of states . . . [t]hus, as was similarly required for the fifth amendment claim [separately alleging federal government action], plaintiff must show that PRLS's termination of him is fairly attributable to the Commonwealth of Puerto Rico.")

In light of the more recent First Circuit law applying Fourteenth Amendment analysis to constitutional claims alleging action attributable to the Commonwealth of Puerto Rico, the Court will follow this approach. Accordingly, the Court **GRANTS** the Appearing Defendants' motion to dismiss Plaintiff's Fifth Amendment

CIVIL NO. 09-1502 (JP)            -12-

claims. As with the Equal Protection and Eleventh Amendment Immunity rulings, this result will apply to the nonmoving Defendants as well.

## IV. **CONCLUSION**

In conclusion, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' partial motion to dismiss. The Court will dismiss all federal claims against Defendants Hernández and Cedeño with prejudice, and all state law claims against Hernández and Cedeño without prejudice. The Court will also dismiss Plaintiff's Equal Protection and Fifth Amendment claims against all Defendants. Finally, the Court will dismiss Plaintiff's Section 1983 claims for damages against all official capacity Defendants. A separate Judgment will be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 19th day of January, 2010.

                                                s/Jaime Pieras, Jr.
                                                JAIME PIERAS, JR.
                                      U.S. SENIOR DISTRICT JUDGE