IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARLOS VÁZQUEZ-RIVERA, et al., <br><br> Plaintiffs <br><br> v. <br><br> RICHARD NEGRÓN, et al., <br><br> Defendants | CIVIL NO. 09-1502 (JP) |

## OPINION AND ORDER

Before the Court is Defendants Richard Negrón ("Negrón") and Luis Sánchez-Casanova's ("Sánchez") motion for summary judgment (No. 60), and Plaintiffs' opposition thereto (No. 63). Plaintiffs Carlos Vázquez-Rivera ("Vázquez" or "Plaintiff"), María del Carmen Rodríguez-Lozada, and their conjugal partnership, brought the instant action alleging political discrimination in violation of Vázquez's First Amendment rights under 42 U.S.C. § 1983 ("Section 1983"), Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141-5142, Sections 1, 4, 6, and 7 of Article II of the Constitution of Puerto Rico, and Puerto Rico Law 184 of August 3, 2004. Plaintiff alleges that he was subject to political discrimination when certain responsibilities and benefits of his job with the Puerto Rico Department of Transportation and Public Works ("DTOP") were curtailed. For the reasons stated herein, the Court **GRANTS** the Defendants' motion (**No. 60**).

CIVIL NO. 09-1502 (JP)          -2-

## I.   <u>MATERIAL FACTS NOT IN GENUINE ISSUE OR DISPUTE</u>

The following facts were agreed upon by the parties at the Initial Scheduling Conference held before the Court on February 4, 2010.

1. Rubén A. Hernández-Gregorat is the Secretary of Transportation and Public Works of the Commonwealth of Puerto Rico as well as Executive Director of the PRHTA. In said capacity, he is the nominating authority of said Agency.

2. Co-defendant Richard Negrón is Director of Highways of the PRHTA and was appointed to this position on February 2009.

3. Defendant Luis M. Sánchez-Casanova was, during the time of the facts relevant to this case, the Auxiliary Executive Director of Human Resources of the Department of Transportation and Public Works.

4. Ferdinand Cedeño was, between January and June 2009, an Executive Assistant of the Department of Transportation and Public Works.

5. Defendant Gustavo Román-Tejera is the Supervisor of the Toa Baja District. He is Plaintiff's immediate supervisor.

6. Defendant David Soto-García is the Director of the Engineering and Conservation office.

CIVIL NO. 09-1502 (JP)          -3-

7.  In his capacity of Supervisor of the Brigade Chiefs, Plaintiff has supervisory responsibility for approximately twelve (12) Brigade Chiefs.

8.  The parties agree to the admissibility and authenticity of a letter dated March 26, 2009 from Plaintiff to Defendant Negrón.

9.  On March 26, 2009, Plaintiff sent a letter to Defendant Negrón requesting that he be provided with the reasons why his salary differential had been eliminated.

10. By letter dated April 15, 2009, Plaintiff reminded Negrón that he was still awaiting an explanation as to the reason why his salary differential had been eliminated.

11. The parties agree to the admissibility and authenticity of a letter dated April 17, 2009 from Negrón.

12. The parties agree to the authenticity of a letter dated April 14, 2009 from Román-Tejera.

13. The parties agree to the authenticity of a letter dated April 23, 2009 from Plaintiff to Defendant Román-Tejera.

14. The parties agree to the authenticity of a letter dated September 3, 2009 from Plaintiff to co-defendant Román-Tejera.

15. The parties agree to the authenticity of a letter dated September 24, 2009 from Plaintiff to co-defendants Negrón and Román-Tejera.

CIVIL NO. 09-1502 (JP)          -4-

16. The parties agree to the authenticity of a Memorandum dated September 25, 2009 from Defendant Román-Tejera to Defendants Negrón and Soto-García.

17. The parties agree to the authenticity of a Memorandum dated October 6, 2009 from Defendant Negrón.

18. The parties agree to the authenticity of a Memorandum dated October 14, 2009 from Defendant Negrón and Soto-García.

19. The parties agree to the authenticity of a memorandum dated October 20, 2009 from Plaintiff to co-defendant Román-Tejera.

20. The parties agree to the authenticity of letters dated November 4 and November 6, 2009 from Plaintiff.

21. Plaintiff is an employee of the Department of Transportation and Public Works.

22. In May 2009, the plaintiff was reported to the State Insurance Fund.

23. A letter dated May 26, 2009, is incorporated by reference into the uncontested facts.

24. A letter dated February 3rd, 2009, is incorporated by reference into the uncontested facts, and the parties agree to its authenticity.

CIVIL NO. 09-1502 (JP)          -5-

25. On March 26th, 2009, and on April 17th, 2009 the plaintiff inquired about the reasons for the cancellation of his differential.

26. Plaintiff is a PRHTA employee who occupies the position of Supervisor of Brigade Chiefs for the Office of Engineering and Conservation in the area of Highway Administration in the Toa Baja District.

27. On January 2009, the governor of Puerto Rico, Honorable Luis Fortuño, issued an executive order to declare a state of fiscal emergency and to implement measures of fiscal control and economic restructuring.

28. Following this order co-defendant Hernández-Gregorat, as Secretary of the Department of Transportation and Public Works, issued several informative bulletins and memorandums regarding the adoption of measures to control expenses and costs.

29. Among the control measures that were to be implemented was the termination of certain employee benefits such as company cars, credit cards, paid seminars, cellular phones, differentials and overtime.

30. The Memorandums regarding the cost control measures (i.e. elimination of overtime and other benefits) were issued in January 2009 and addressed to all employees of the PRHTA, Department of Transportation and Public Works,

CIVIL NO. 09-1502 (JP)          -6-

       Metropolitan Bus Authority, Ports Authority, Maritime Transport Authority and the Commission for Safety in Transit.

31. Plaintiff's differential pay was terminated on March 1, 2009.

32. A letter dated April 17, 2009, from Defendant Negrón, is incorporated by reference into this order.

33. The reality is the vehicle is an official vehicle which belongs to the PRHTA. The Director of the Area and/or Supervisor have the faculty to assign these vehicles according to the necessities of the area.

34. Plaintiff never formally filed a complaint with the PRHTA Civil Rights Office or with the Department of Labor and Human Resources of Puerto Rico.

The following facts are deemed uncontested by the Court because they were included in the motion for summary judgment and opposition and were either agreed upon, or they were properly supported by evidence and not genuinely opposed.

1. The plaintiff has worked at the Puerto Rico Highways Authority ("PRHA") since 1991 uninterruptedly.

2. Since the beginning of this administration, in most cases the overtime is not under the District's control.

3. Richard Negrón is the Highway Director of the PRHA.

CIVIL NO. 09-1502 (JP)                -7-

    4.   The plaintiff received a differential pay at the PRHA, as supervisor of chiefs of brigades.

    5.   A differential pay is a separate check.

    6.   The plaintiff was responsible for the inspection of the reversible lane, and used to conduct it, until it was cancelled.

    7.   The inspection of the reversible lane is currently performed by the Caguas District, it was assigned to Eng. Ramírez.

    8.   Eng. Ramírez does not earn overtime or a differential for performing the duties assigned to the inspection of the reversible lane.

    9.   Plaintiff is aware of the Order of the Secretary of Transportation and Public Works regarding the reduction of costs in the agency.

    10.  Plaintiff first knew of the Order in the first months of last year.

    11.  The reduction of costs involved the reduction in differentials.

    12.  During the first three months of the new administration cell phones were cancelled.

    13.  Everyone that the plaintiff knew had a cell phone, does not have one anymore.

CIVIL NO. 09-1502 (JP)          -8-

14. The plaintiff stopped receiving overtime in February of the year 2009.

15. The reversible lane supervision is no longer under the District of Toa Baja.

16. The plaintiff does not know Luis Sánchez-Casanova personally.

17. Plaintiff's position is under the PRHA.

18. Plaintiff received a bulletin from the Secretary of the DTOP regarding the changes in overtime that were going to take place during 2009.

19. The instructions contained in the bulletin were directed to all the employees of the PRHA and the DTOP.

20. The plaintiff has not done an inspection of the reversible lane since January 2009.

21. The plaintiff is not currently doing any of the inspections he did while he was supervising the reversible lane, for which he received overtime.

22. Richard Negrón wrote a letter to the plaintiff and explained that the duties for which he received the differential pay did not exist anymore, and that was the reason why the differential pay was cancelled.

23. The plaintiff does not remember that Richard Negrón expressed any other reason for the cancellation of the differential pay.

CIVIL NO. 09-1502 (JP)              -9-

     24.  The plaintiff started to work every morning at 7:00 a.m.

     25.  The plaintiff never had a conversation of political nature
          with Luis Sánchez-Casanova.

     26.  The plaintiff never informed Luis Sánchez-Casanova of his
          political affiliation.

**II.   LEGAL STANDARD FOR A MOTION FOR SUMMARY JUDGMENT**

     Summary judgment serves to assess the proof to determine if
there is a genuine need for trial.  <u>Garside v. Osco Drug, Inc.</u>,
895 F.2d 46, 50 (1st Cir. 1990).  Pursuant to Rule 56(c) of the
Federal Rules of Civil Procedure, summary judgment is appropriate
when "the record, including the pleadings, depositions, answers to
interrogatories, admissions on file, and affidavits, viewed in the
light most favorable to the nonmoving party, reveals no genuine issue
as to any material fact and the moving party is entitled to judgment
as a matter of law."  Fed. R. Civ. P. 56(c); <u>see also</u>
<u>Zambrana-Marrero v. Suárez-Cruz</u>, 172 F.3d 122, 125 (1st Cir. 1999)
(stating that summary judgment is appropriate when, after evaluating
the record in the light most favorable to the non-moving party, the
evidence "fails to yield a trial worthy issue as to some material
fact"); <u>Goldman v. First Nat'l Bank of Boston</u>, 985 F.2d 1113, 1116
(1st Cir. 1993); <u>Canal Ins. Co. v. Benner</u>, 980 F.2d 23, 25
(1st Cir. 1992).  The Supreme Court has stated that "only disputes
over facts that might affect the outcome of the suit under the
governing law will properly preclude the entry of summary judgment.

CIVIL NO. 09-1502 (JP)          -10-

Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).  In this way, a fact is material if, based on the substantive law at issue, it might affect the outcome of the case.  See Mack v. Great Atl. and Pac. Tea Co., Inc., 871 F.2d 179, 181 (1st Cir. 1989).

On a summary judgment motion, the movant bears the burden of "informing the district court of the basis for its motion and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2253, 91 L. Ed. 2d 265 (1986).  Once the movant meets this burden, the burden shifts to the opposing party who may not rest upon mere allegations or denials of the pleadings, but must affirmatively show, through the filing of supporting affidavits or otherwise, that there is a genuine issue of material fact for trial.  See Anderson, 477 U.S. at 248, 106 S. Ct. at 2510; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553; Goldman, 985 F.2d at 1116.

## III. **ANALYSIS**

Plaintiff Vázquez alleges that his rights under the First Amendment and several Puerto Rico laws were violated when Defendants limited certain responsibilities and benefits of his employment. Defendants Negrón and Sánchez move for summary judgment, arguing that the record does not reveal any genuine issues of material fact

CIVIL NO. 09-1502 (JP)          -11-

warranting trial.   The Court will now consider the parties'
respective arguments.

###    A.    Political Discrimination

Section 1983 creates a cause of action against those who, acting
pursuant to state government authority, violate federal law.
42 U.S.C. § 1983.  The First Amendment protects associational rights,
including the right to be free from discrimination on account of
one's political opinions or beliefs.  Galloza v. Foy, 389 F.3d 26, 28
(1st Cir. 2004); LaRou v. Ridlon, 98 F.3d 659, 661 (1st Cir. 1996).
To make out a prima facie case of political discrimination in
violation of the First Amendment, a plaintiff bears the burden of
producing sufficient evidence, whether direct or circumstantial, that
the plaintiff engaged in constitutionally protected conduct and that
political affiliation was a substantial or motivating factor behind
the challenged state action.  See Cosme-Rosado v. Serrano-Rodríguez,
360 F.3d 42, 47 (1st Cir. 2004).   The plaintiff must point to
evidence on the record which, if credited, would permit a rational
fact finder to conclude that the challenged action occurred and
stemmed from politically based discriminatory animus.  González de
Blasini v. Family Department, 377 F.3d 81, 85 (1st Cir. 2004).

The requirements for a prima facie case of political
discrimination may be broken down into four elements: (1) the
plaintiff and the defendant belong to opposing political
affiliations; (2) the defendant has knowledge of the plaintiff's

CIVIL NO. 09-1502 (JP)          -12-

opposing political affiliation; (3) there is a challenged employment action; and (4) sufficient evidence, whether direct or circumstantial that political affiliation was a substantial or motivating factor, i.e., that the challenged employment action stemmed from politically based animus.  <u>Pequero-Moronta v. Santiago</u>, 464 F.3d 29 (1st Cir. 2006) (internal citations omitted).

### 1.   Opposing Political Affiliations

With regard to the first element, Defendants' motion for summary judgment does not dispute the allegation that Plaintiff is a member of the Popular Democratic Party ("PDP").  It is also uncontested that Defendant Negrón is a member of the New Progressive Party ("NPP"). Therefore, the first element, opposing political affiliations, is satisfied as to Defendant Negrón.

Defendants also argue that Plaintiff has not produced evidence indicating that Defendant Sánchez is a member of the NPP.  Plaintiff has submitted evidence that Defendant Sánchez ran as a candidate for the position of Municipal Legislator on behalf of the NPP.[1]  The Court finds that this is sufficient evidence to at least create a genuine issue as to Sánchez's alleged affiliation with the NPP. Accordingly, the Court rejects Defendant Sánchez's argument that summary judgment is appropriate on the basis of Plaintiff's failure

---

1.    The Court notes that this evidence is cited by Plaintiff in a response to Defendants' proposed (No. 60) fact #31. Plaintiff has not submitted additional proposed facts, as permitted by Local Rule 56(c).

CIVIL NO. 09-1502 (JP)            -13-

to produce evidence that Plaintiff and Sánchez are from opposing political parties.

### 2. Defendant's Knowledge of Plaintiff's Opposing Political Affiliation

With regard to the second element, Defendants argue that Plaintiff's political affiliation was not known to Defendant Negrón. In response, Plaintiff submits evidence that several individuals who are very close to Negrón observed Plaintiff's participation in a protest held at the PDP's headquarters. (Pl.'s Opp to Def.'s SUF ¶ 56.) Plaintiff argues that the fact of his participation in this PDP activity was likely shared with Negrón by those who observed the protest. Although this evidence is circumstantial, the Court finds that it is sufficient to at least permit a jury to infer that Negrón was made aware of Plaintiff's political affiliation.

Defendants argue that Defendant Sánchez was not aware of Plaintiff's political affiliation. Defendants have submitted evidence that Plaintiff does not know Defendant Sánchez personally. (Def.'s SUF ¶ 30.) This fact is not contested by Plaintiff. Defendants also point to evidence that Plaintiff Vázquez has never had a conversation of a political nature with Defendant Sánchez. (Def.'s SUF ¶ 59.)

Plaintiff has not submitted evidence to contradict Defendants' contention that Vázquez's political affiliation was unknown to Defendant Sánchez. Plaintiff asserts that in Vázquez's deposition

CIVIL NO. 09-1502 (JP)          -14-

he testified that the PRHA is a politicized workplace where the political affiliation of all employees is generally known.  (Pl.'s Opp. to Def.'s SUF ¶ 56.)  However, the evidence in the record does not support this assertion by Plaintiff.  The cited page of Vázquez's deposition, page 102, is not included in the excerpts of the deposition submitted by Plaintiff.  Moreover, even if said testimony were in the record, such a generalized statement regarding the politicized nature of the workplace would on its own be insufficient to permit a jury to conclude that Sánchez was aware of Plaintiff Vázquez's political affiliation.  Accordingly, Plaintiff has failed to provide evidence raising a genuine issue as to Sánchez's knowledge of Plaintiff Vázquez's political affiliation.  Therefore, summary judgment for Defendant Sánchez is appropriate as to Plaintiff's First Amendment political discrimination claim.

### 3.   Challenged Employment Action

The third element of the *prima facie* case for a political discrimination claim is described by the United States Court of Appeals for the First Circuit as requiring that the plaintiff establish by clear and convincing evidence that he has been subjected to a work situation that is "unreasonably inferior" to the norm. Agosto de Feliciano v. Aponte-Roque, 889 F.2d 1209, 1218 (1st Cir. 1989).[2]

---

2.    The First Circuit has also discussed the possibility that more recent case law from the United States Supreme Court creates a lower standard, recognizing any adverse employment action, no matter how minor.  González-Pina v. Rodríguez,

CIVIL NO. 09-1502 (JP)          -15-

Plaintiff Vázquez argues that his work situation is unreasonably inferior to the norm because his overtime and differential pay has been eliminated, and because his authority has been undermined by instructions to his subordinates which circumvent his normal supervisory role. Vázquez also alleges that his cellular phone and vehicle have been taken away. Defendants dispute the allegation regarding Plaintiff's vehicle, and argue that the remaining changes are not unreasonably inferior to the norm because they are steps which were implemented for all employees as part of the government's cost cutting measures.

Upon consideration of the arguments, the court finds that Plaintiff has submitted evidence sufficient to create a genuine issue as to whether Vázquez's new work circumstances were unreasonably inferior to the norm. Plaintiff notes that he historically received overtime and differential pay that amounted to a significant portion of his overall compensation. Removal of said compensation is sufficient to permit a jury finding that the altered employment arrangement was unreasonably inferior to the norm. Therefore, the third element is not a basis for summary judgment, and the Court shall proceed to consider the fourth element.

---

407 F.3d 425, 432 n.2 (1st Cir. 2005) (citing Rutan v. Republican Party of Illinois, 497 U.S. 62, 79 (1990)). However, the First Circuit has not had occasion to directly address this issue. Id. ("since any such conflict has no impact on our holding, we save that question for another day."). In the absence of a specific First Circuit holding changing the existing standard, the Court will continue to apply the "unreasonably inferior" standard.

CIVIL NO. 09-1502 (JP)          -16-

### 4. Substantial or Motivating Factor

The fourth element of the *prima facie* case for a political discrimination claim requires Plaintiff to demonstrate that political affiliation was a substantial or motivating factor for the challenged employment action.  Defendants argue that in this case Plaintiff Vázquez has not provided evidence sufficient to create a genuine issue of fact as to this element.  Defendants contend that in fact the reason for the changes in Vázquez's employment conditions was the implementation of cost reductions that were imposed upon all employees in response to economic conditions.

It is uncontested that in January 2009, Governor Luis Fortuño issued an executive order declaring a state of fiscal emergency and implementing measures of fiscal control and economic restructuring.  Following this order, the Secretary of the Department of Transportation and Public Works issued several informative bulletins and memorandums regarding the adoption of measures to control expenses and costs.  Said bulletins were addressed to all employees of DTOP and the PRHA.  Among the control measures that were to be implemented was the termination of certain employee benefits such as company cars, credit cards, paid seminars, cellular phones, differentials and overtime.  Plaintiff received one such bulletin regarding changes in overtime that were going to take place in 2009.

During the three months following the adoption of the fiscal control measures, several of the cost reduction methods were

CIVIL NO. 09-1502 (JP)            -17-

implemented.  For example, all employer provided cell phones were eliminated.  In February 2009, Plaintiff stopped receiving overtime. On March 1, 2009, Plaintiff's differential pay was terminated.  With regard to the differential pay, Defendant Negrón wrote a letter to Plaintiff explaining that the duties for which Plaintiff had received differential pay were no longer required of him.

Plaintiff argues that political discrimination, not fiscal control measures, was the motivating factor for the changes in his employment circumstances.  For example, Plaintiff alleges in his opposition to Defendants' motion for summary judgment that Roberto Sánchez, a member of the NPP, was permitted to retain his salary differential notwithstanding the fact that his work functions did not justify the differential.  However, Plaintiff has not cited evidence in the record to support this contention.

Plaintiff also alleges that while his overtime has been removed, other employees who are supporters of the NPP have received overtime. (Pl.'s Opp. to Def.'s SUF ¶ 4.)  Plaintiff cites to a portion of his own deposition as evidence of this contention, but the cited deposition transcript pages, 12-14, are not included in Plaintiff's Exhibit 3.

The evidence submitted by Plaintiff amounts to the mere juxtaposition of Vázquez's political affiliation with the fact that certain extraordinary employment benefits such as his differential salary and overtime were eliminated.  The law in the First Circuit

CIVIL NO. 09-1502 (JP)          -18-

is clear with respect to the rule that "proving that political affiliation was a substantial or motivating factor requires more than merely juxtaposing a protected characteristic-someone else's politics-with the fact that the plaintiff was treated unfairly." Maymí v. Puerto Rico Ports Authority, 515 F.3d 20, 28 (1st Cir. 2008) (internal quotations omitted).

In the context of a broad official policy of fiscal restraint and elimination of benefits including differential pay and overtime, Plaintiff has failed to produce direct or circumstantial evidence from which a jury could find that political affiliation was the substantial or motivating factor for changes in Vázquez's employment benefits. As such, Plaintiff has not created a genuine factual issue as to their ability to present a *prima facie* case of political discrimination. Accordingly, summary judgment in favor of the moving Defendants is appropriate on Plaintiff's First Amendment political discrimination claim.

**B.    Due Process**

The Due Process Clause of the Fourteenth Amendment guarantees public employees with a property interest in continued employment the right to an informal hearing prior to being discharged. Kauffman v. Puerto Rico Tel. Co., 674 F. Supp. 952, 956-57 (D.P.R. 1987).  To prevail on a procedural due process claim, a plaintiff must establish a protected liberty or property interest, and allege that while acting under color of state law the defendants deprived him of that

CIVIL NO. 09-1502 (JP)          -19-

interest without adequate process.  <u>Aponte-Torres v. Univ. of P.R.</u>, 445 F.3d 50, 56 (1st Cir. 2006).  Property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law . . . ."  <u>Board of Regents v. Roth</u>, 408 U.S. 564, 577 (1972).

Defendants argue that Plaintiff Vázquez had no property interest in his overtime and differential pay.  Plaintiff's opposition to Defendants' motion for summary judgment does not argue that Vázquez had a property interest in his overtime and differential pay.  Instead, the section of Plaintiff's brief titled "Due Process" discusses the question of whether Vázquez's new work conditions were unreasonably inferior to the norm, an issue which relates to Vázquez's First Amendment political discrimination claim.  Said discussion by Plaintiff indicates that Plaintiff's invocation of Fourteenth Amendment Due Process in his complaint is for purposes of establishing the incorporation of First Amendment rights against the states.  Because there is no separate substantive or procedural Due Process claim developed by Plaintiff in the complaint or opposition to Defendants' motion for summary judgment, dismissal of the First Amendment claim dictates dismissal of the Fourteenth Amendment claim as well.  Accordingly, the Court will grant summary judgment for Defendants Negrón and Sánchez on Plaintiff's First and Fourteenth Amendment claims.

CIVIL NO. 09-1502 (JP)          -20-

### C.   **Puerto Rico Law Claims**

Having dismissed the federal claims against Defendants Negrón and Sánchez, the Court declines to exercise jurisdiction over the Puerto Rico law claims against said Defendants, and will enter judgment dismissing those claims without prejudice. See Newman v. Burgin, 930 F.2d 955, 963 (1st Cir. 1991).

### D.   **Retaliation**

Defendants also move the Court to dismiss Plaintiff's retaliation claim. Plaintiff includes a retaliation claim in the amended complaint, but provides no specific allegations to support said claim. Plaintiff also offers no discussion of the retaliation claim in his opposition to Defendants' motion for summary judgment. In the absence of sufficiently specific allegations to support the claim, the Court will dismiss Plaintiff's retaliation claim in its entirety, as against all Defendants. Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

## IV.   CONCLUSION

The Court **GRANTS** the Defendants' motion for summary judgment. The Court will enter judgment dismissing the Section 1983 claims against Defendants Negrón and Sánchez with prejudice and the Puerto Rico law claims against said Defendants without prejudice. The Court will also enter judgment dismissing Plaintiff's retaliation claim against all Defendants. Remaining before the Court are Plaintiff's First Amendment claims for prospective injunctive relief against

CIVIL NO. 09-1502 (JP)            -21-

Defendants David Soto-García and Gustavo Román-Tejera, and Plaintiff's state law claims against Defendants David Soto-García and Gustavo Román-Tejera.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 25th day of June, 2010.


                              s/Jaime Pieras, Jr.
                            JAIME PIERAS, JR.
                        U.S. SENIOR DISTRICT JUDGE