IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARLOS VÁZQUEZ-RIVERA, et al.,<br><br>    Plaintiffs<br><br>         v.<br><br>RUBÉN A. HERNÁNDEZ-GREGORAT, et al.,<br><br>    Defendants | CIVIL NO. 09-1502 (JP) |

**OPINION AND ORDER**

Before the Court is Defendants David Soto-García ("Soto") and Gustavo Román-Tejera's ("Román") motion to alter judgment (**No. 80**) of the Court's Opinion and Order (No. 65) and/or motion to dismiss the claims against them.[1]  In its Opinion and Order, the Court granted Defendants Richard Negrón ("Negrón") and Luis Sánchez-Casanova's ("Sánchez") motion for summary judgment. In their motion, Defendants Soto and Román request that the Court dismiss all the federal claims against them in light of the Court's dismissal of the federal claims against Negrón and Sánchez.  Before the Court is also Plaintiffs' opposition to Defendants' motion (No. 82).  For the reasons stated herein, the Court hereby **GRANTS** Defendants' motion.

---

1.   The Court will treat Defendants' motion as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e).

CIVIL NO. 09-1502 (JP)          -2-

## I.   **FACTUAL AND PROCEDURAL BACKGROUND**

The instant case arises from allegations by Plaintiff Carlos Vázquez-Rivera ("Vázquez"), an employee of the Department of Transportation and Public Works of Puerto Rico ("Transportation Department"), that he has been subjected to discrimination due to his political affiliation with the Popular Democratic Party ("PDP"). Plaintiff's position at the Transportation Department is Supervisor of Brigade Chiefs, which entails supervisory responsibility for twelve brigade chiefs.  Plaintiff alleges that Defendants Rubén A. Hernández-Gregorat ("Hernández"), Ferdinand Cedeño ("Cedeño"), Negrón, and Sánchez are members of the New Progressive Party ("NPP"). Plaintiff alleges that Defendants have curtailed his work duties and reduced his salary.  As to Defendants Soto and Román, Plaintiff did not make any allegations regarding their political affiliations.[2] According to Plaintiffs' amended complaint, Defendant Román is the Supervisor of the Toa Baja District and is Plaintiff's immediate supervisor.  Defendant Soto is the Director of the Engineering and Conservation office.

On January 20, 2010, the Court issued an Opinion and Order (No. 30) granting in part and denying in part Defendants' motion to dismiss.  Among other holdings, the Court dismissed the claims against Defendants Hernández and Cedeño because Plaintiffs' complaint

---

2.   Defendants Soto and Román state in their motion that they are affiliated with Plaintiff's political party.

CIVIL NO. 09-1502 (JP)			-3-

failed to adequately allege the personal involvement of said Defendants as required by the standards applicable to claims under 42 U.S.C. § 1983 ("Section 1983"). Plaintiffs later filed a motion for reconsideration (No. 44), which the Court denied (No. 61).

On June 28, 2010, the Court issued an Opinion and Order (No. 65) granting Defendants Negrón and Sánchez's motion for summary judgment. In that Opinion and Order, the Court determined that Plaintiffs had not created a genuine factual issue as to their ability to present a *prima facie* case of political discrimination under Section 1983. In addition, the Court determined that Plaintiffs had not developed a separate substantive or procedural Due Process claim in the complaint or opposition to Defendants' motion for summary judgment. The Court dismissed the Section 1983 First and Fourteenth Amendment claims against Defendants Negrón and Sánchez with prejudice and the Puerto Rico law claims against said Defendants without prejudice. The Court also entered judgment dismissing Plaintiffs' retaliation claim against all Defendants.

The only claims remaining before the Court are Plaintiffs' First Amendment claims for prospective injunctive relief against Defendants Soto and Román, and Plaintiffs' state law claims against Defendants Soto and Román. In their motion for reconsideration, Defendants argue that Plaintiff clearly states in his amended complaint that Defendants Soto and Román are sued only in their official capacity for injunctive relief, and thus, because Plaintiffs' First Amendment

CIVIL NO. 09-1502 (JP)          -4-

claim was dismissed then Plaintiffs' claim for First Amendment prospective injunctive relief against Defendants Soto and Román should also be dismissed.  In addition, Defendants argue that the Court should not exercise supplemental jurisdiction over Plaintiffs' state law claims against them.

## II.  **LEGAL STANDARD OF REVIEW FOR A MOTION FOR RECONSIDERATION**

Rule 59(e) of the Federal Rules of Civil Procedure allows a party, within ten days of the entry of judgment, to file a motion seeking to alter or amend said judgment.  The rule itself does not specify on what grounds the relief sought may be granted, and courts have ample discretion in deciding whether to grant or deny such a motion.  <u>Venegas-Hernández v. Sonolux Records</u>, 370 F.3d 183, 190 (1st Cir. 2004) (citations omitted).  In exercising that discretion, courts must balance the need for giving finality to judgments with the need to render a just decision.  <u>Id.</u> (citing <u>Edward H. Bolin Co. v. Banning Co.</u>, 6 F.3d 350, 355 (5th Cir. 1993)).  Despite the lack of specific guidance by the rule on that point, the United States Court of Appeals for the First Circuit has stated that a Rule 59(e) motion "must either clearly establish a manifest error of law or must present newly discovered evidence."  <u>F.D.I.C. v. World Univ., Inc.</u>, 978 F.2d 10, 16 (1st Cir. 1992) (citing <u>Fed. Deposit Ins. Corp. v. Meyer</u>, 781 F.2d 1260, 1268 (7th Cir. 1986)).  Rule 59(e) may not, however, be used to raise arguments that could and should have been presented before judgment was entered, nor to advance new legal

CIVIL NO. 09-1502 (JP)           -5-

theories. <u>Bogosonian v. Woloohojian Realty Corp.</u>, 323 F.3d 55, 72 (1st Cir. 2003).

### III. **ANALYSIS**

Defendants Soto and Román argue that because the allegations of political discrimination in violation of Plaintiffs' First Amendment rights were dismissed, then Plaintiffs' claims for First Amendment injunctive relief must also be dismissed. In addition, they argue that the Court should not exercise supplemental jurisdiction over the state law claims if the federal claims are dismissed. Plaintiffs oppose Defendants' motion arguing that Defendants should have made their motion earlier. Plaintiffs also argue that the Court dismissed the damages claims for past violations, and nothing in the Court's Opinion and Order addresses future violations of federal law because Defendants did not raise that point in the motion for summary judgment. The Court will now consider the parties' arguments.

### A. **Federal law claims**

Defendants argue that because the Court determined that Plaintiffs did not prove that a political discriminatory animus was the motivating factor behind the alleged adverse employment decisions, and Plaintiffs could not contravene Defendants' allegations that the employment decisions were the result of cost control methods, then Plaintiffs will likely not prevail on the merits, and therefore injunctive relief should not be granted. Plaintiffs oppose Defendants Soto and Román's motion arguing that

CIVIL NO. 09-1502 (JP)          -6-

Defendants' motion is not timely.  Plaintiffs also appear to argue that their request for injunctive relief should not be disposed of on the merits because the Court's opinion and order did not address the issue of future violations of federal law and Defendants did not raise this issue in a motion for summary judgment.[3]

In granting summary judgment in favor of Defendants Negrón and Sánchez and dismissing the First Amendment claims against Defendants Negrón and Sánchez, the Court determined that Plaintiffs had not created a genuine factual issue as to their ability to present a *prima facie* case of political discrimination.  Specifically, among other determinations, the Court held that the evidence presented by Plaintiffs to demonstrate that political affiliation was a substantial or motivating factor for the challenged employment action (the fourth element of the *prima facie* case for political discrimination) amounted to the mere juxtaposition of Vázquez's political affiliation with the fact that certain extraordinary employment benefits such as his differential salary and overtime were eliminated.  The Court stated:

> It is uncontested that in January 2009, Governor Luis Fortuño issued an executive order declaring a state of fiscal emergency and implementing measures of fiscal control and economic restructuring. Following this order, the Secretary of the Department of Transportation and Public Works issued several informative bulletins and memorandums regarding the adoption of measures to control

---

3.  The Court notes that Plaintiffs make this incoherent argument regarding claims of future violations of federal law against Defendants Soto and Román.  The Court did its best to understand Plaintiffs' opposition.

CIVIL NO. 09-1502 (JP)          -7-

expenses and costs. Said bulletins were addressed to all employees of [Puerto Rico Department of Transportation and Public Works] and the [Puerto Rico Highways Authority]. Among the control measures that were to be implemented was the termination of certain employee benefits such as company cars, credit cards, paid seminars, cellular phones, differentials and overtime. Plaintiff received one such bulletin regarding changes in overtime that were going to take place in 2009.

During the three months following the adoption of the fiscal control measures, several of the cost reduction methods were implemented. For example, all employer provided cell phones were eliminated. In February 2009, Plaintiff stopped receiving overtime. On March 1, 2009, Plaintiff's differential pay was terminated. With regard to the differential pay, Defendant Negrón wrote a letter to Plaintiff explaining that the duties for which Plaintiff had received differential pay were no longer required of him. Plaintiff argues that political discrimination, not fiscal control measures, was the motivating factor for the changes in his employment circumstances. For example, Plaintiff alleges in his opposition to Defendants' motion for summary judgment that Roberto Sánchez, a member of the NPP, was permitted to retain his salary differential notwithstanding the fact that his work functions did not justify the differential. However, Plaintiff has not cited evidence in the record to support this contention. Plaintiff also alleges that while his overtime has been removed, other employees who are supporters of the NPP have received overtime. (Pl.'s Opp. to Def.'s SUF ¶ 4.) Plaintiff cites to a portion of his own deposition as evidence of this contention, but the cited deposition transcript pages, 12-14, are not included in Plaintiff's Exhibit 3.

In the context of a broad official policy of fiscal restraint and elimination of benefits including differential pay and overtime, Plaintiff has failed to produce direct or circumstantial evidence from which a jury could find that political affiliation was the substantial or motivating factor for changes in Vázquez's employment benefits. As such, Plaintiff has not created a genuine factual issue as to their ability to present a prima facie case of political discrimination. Accordingly, summary judgment in favor of the moving

CIVIL NO. 09-1502 (JP)          -8-

>    Defendants is appropriate on Plaintiff's First Amendment
>    political discrimination claim.

(No. 65). This analysis remains an appropriate assessment of Plaintiffs' claims as the Court has denied Plaintiffs' motion for reconsideration (No. 88) of its Opinion and Order. Plaintiffs did not meet their burden of affirmatively showing that there is a genuine issue of material fact for trial. See Anderson v. Liberty Lobby, Inc., 47 U.S. 242, 248 (1986).

According to the amended complaint, Plaintiffs have sued Defendants Román and Soto only in their official capacity for equitable relief. Under Plaintiffs' first cause of action for "violation of First Amendment/Due Process/Equal Protection Rights," Plaintiffs requested injunctive relief in the form of full back pay and any applicable benefits, immediate reinstatement of Plaintiff Vázquez's supervisory duties and prohibiting Defendants from taking additional adverse employment actions against Plaintiff because of his political affiliation.

The First Circuit Court of Appeals has stated that in order to grant a permanent injunction, the court must find four elements: (1) plaintiffs prevail on the merits; (2) plaintiffs would suffer irreparable injury without an injunction; (3) the harm to plaintiffs would exceed the harm to defendants from the imposition of an injunction; and (4) the public interest would not be adversely

CIVIL NO. 09-1502 (JP)          -9-

affected by an injunction.  Aponte v. Calderón, 284 F.3d 184, 191 (1st Cir. 2002).  The first element is dispositive.  Id.

Given that the Court determined that Plaintiff failed to present direct or circumstantial evidence from a which a jury could conclude that political affiliation was the substantial or motivating factor for the challenged employment actions, and thus, dismissed Plaintiff's First Amendment claims, along with his other federal claims with prejudice, Plaintiffs have not prevailed on the merits. As such and because the remaining federal claims are against Defendants Soto and Román only for First Amendment prospective injunctive relief, the Court finds it appropriate to dismiss these remaining federal claims against Defendants Soto and Román. Accordingly, the Court hereby dismisses the claims against Defendants Soto and Román for prospective injunctive relief.

### B.   Puerto Rico law claims

Having dismissed the federal claims against Defendants Soto and Román, the Court declines to exercise jurisdiction over the Puerto Rico law claims against said Defendants.  The Court will enter a judgment dismissing those claims without prejudice.  See Newman v. Brugin, 930 F.2d 955, 963 (1st Cir. 1991) ("[t]he power of a federal court to hear and determine state law claims in non-diversity cases depends upon the presence of at least one substantial federal claim in the lawsuit").

CIVIL NO. 09-1502 (JP)          -10-

## IV.  CONCLUSION

For the reasons stated herein, Defendants' motion to alter/amend judgment is **GRANTED**.  The Court will enter a separate judgment dismissing the federal claims against Defendants Soto and Román with prejudice and the Puerto Rico law claims against said Defendants without prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 15th day of March, 2011.

s/José Antonio Fusté
JOSÉ ANTONIO FUSTÉ
CHIEF U.S. DISTRICT JUDGE
